```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                   :    ORDER
    v.                             :
                                   :    19 CR 700 (VB)
BYRON MOUNTAIN,                    :
                    Defendant.     :
--------------------------------------------------------x
```

By letter from his counsel dated April 6, 2020, defendant Byron Mountain seeks release on bail. (Doc. #73). For the following reasons, the application is DENIED.

The pertinent facts are as follows: In 2010, in a prior case in this district (09 CR 240 (CS)), defendant was convicted of conspiring to distribute crack cocaine and sentenced by Judge Seibel to 144 months in prison, followed by ten years of supervised release. After serving his jail sentence, and while on supervised release, defendant was indicted in the instant case, along with seven other defendants, for again conspiring to distribute crack cocaine. On October 3, 2019, Magistrate Judge Smith detained defendant based on risk of flight and dangerousness. (Doc. #19). Thereafter, based on the narcotics trafficking charge in this indictment, defendant was charged with violating the terms of his supervised release in case number 09 CR 240 (the "VOSR case"). On January 13, 2020, defendant was arraigned on the VOSR case and ordered remanded by Magistrate Judge Davison. Later that day, Judge Seibel continued that detention order.

In an order filed earlier today, Judge Seibel denied defendant's request for release on bail in the VOSR case, noting that 18 U.S.C. § 3142 does not apply to a defendant detained pursuant to Fed. R. Crim. P. 32.1(a)(6), and finding that defendant had not carried his burden to show by clear and convincing evidence that he is not likely to flee or pose a danger to the community. (See Doc. #24 in 09 CR 240 (CS)). Judge Seibel's order effectively moots defendant's bail

1

application in the instant case, because even if this Court were inclined to release defendant, he would still be detained in the VOSR case.

In any event, defense counsel's letter essentially asserts that release on bail is warranted because defendant is at risk for contracting COVID-19 at the Westchester County Jail ("WCJ"). However, the letter contains no evidence that defendant has a medical condition that puts him at elevated risk of becoming seriously ill if he contracts COVID-19. Nor does it contain any evidence that WCJ is not taking seriously its obligation to protect its inmates to the extent possible. Moreover, inmates can contact their attorneys by mail or telephone, and attorneys can contact their clients by mail, and the Court is not aware that attorney visits have been cancelled altogether. The Court has no doubt that it is more difficult for counsel to communicate with his client during the current public health emergency. But no trial date has been set in this case, and it is likely that any existing restrictions on inmates' communicating with their attorneys are temporary.

Moreover, defendant has a prior conviction for committing the same narcotics trafficking crime that the grand jury has found probable cause to believe he has committed again, and that he did so after serving a lengthy prison sentence and while under the supervision of a probation officer of this Court. Given this history, defendant certainly cannot be trusted to conduct himself in a law-abiding manner if released, no matter what the conditions of release. Therefore, upon de novo review, the Court finds that defendant has not overcome the statutory presumption of detention in Section 3142.

For the same reasons, defendant has not shown either that "temporary release . . . in the custody of a United States Marshal or another appropriate person [is] necessary for preparation

of [his] defense or for another compelling reason," 18 U.S.C. § 3142(i), or that there are "exceptional reasons why [his] detention would not be appropriate," 18 U.S.C. § 3145(c).

In the right case, the Court would certainly reconsider a previously issued detention order. This is not that case.

Defendant's application for release on bail is DENIED. In addition, having fully considered defense counsel's comprehensive submission, and given the foregoing record, a further bail hearing would serve no purpose.

Dated: April 6, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge