UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA

v.

BYRON MOUNTAIN,
                          Defendant.
--------------------------------------------------------------x

**ORDER**

19 CR 700-4 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/24

    In a motion the Court received on June 4, 2024, defendant Byron Mountain seeks a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. (Doc. #370).

    The motion is DENIED because Mountain is not eligible for a reduction of his term of imprisonment.

    Section 3582(c)(2) authorizes the Court to reduce a previously-imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if certain other conditions are met.

    As explained in the Court's Order dated January 22, 2024 (copy attached), although the Sentencing Commission, in Amendment 821, retroactively amended the Sentencing Guidelines for certain defendants who committed their offense while under a criminal justice sentence, Mountain's sentencing range was not lowered by Amendment 821. As further explained in the Court's January 22 Order, Mountain's sentencing range was determined by the fact that he is a "career offender" as that term is defined in Section 4B1.1 of the Guidelines, irrespective of the number of criminal history points he was assessed. Accordingly, his sentencing range would not be any different even if he had fewer criminal history points as a result of Amendment 821. In short, Mountain is not eligible for a reduction of his term of imprisonment because his sentencing range has not been lowered by the Sentencing Commission.

    Chambers will mail a copy of this Order to defendant at the following address:

Byron Mountain, Reg. No. 85120-054
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

Dated: June 17, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

MEMORANDUM ENDORSEMENT

United States v. Byron Mountain
19 CR 700-4 (VB)

      The Court fairly construes the attached letter as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Section 1B1.10 of the U.S. Sentencing Guidelines, in light of the recently promulgated Amendment 821 to the Guidelines.

      The motion is DENIED because defendant is not eligible for a sentencing reduction under Amendment 821.

      At sentencing on March 24, 2021, the Court found that defendant was a "career offender" pursuant to Section 4B1.2 of the Guidelines, and that his sentencing range was 262-327 months' imprisonment, based on a total offense level of 34 and a Criminal History Category of VI. The Court then imposed a sentence of 130 months' imprisonment.

      In Amendment 821, the Sentencing Commission amended the Guidelines in two respects. Part A amends Section 4A1.1(e) by reducing from two to one the number of criminal history points (i.e., "status points") added for offenders who committed the instant offense while under a criminal justice sentence, and by limiting this provision to defendants who received seven or more criminal history points. Part B creates a new Section 4C1.1, which provides for a two-level decrease in offense level for defendants with zero criminal history points who meet specified eligibility criteria.

      Defendant does not qualify under Part B because he did not have zero criminal history points; indeed, he had 19, including 2 status points for having committed the instant offense while on supervised release.

      As to Part A, defendant also does not qualify. Defendant's total offense level and Criminal History Category were determined by the fact that he is a "career offender" as that term is defined in Section 4B1.1 of the Guidelines. Thus, the sentencing range of 262-327 months would not be any different even if defendant, pursuant to the amended Section 4A1.1, had only 18 rather than 19 criminal history points (i.e., only 1 rather than 2 status points), because the sentencing range was determined by the fact that he was a career offender irrespective of the number of criminal history points. Since his sentencing range would not be lowered as a result of Amendment 821, defendant is not eligible for a sentencing reduction pursuant to Section 3582(c)(2) and Section 1B1.10, which apply only when a defendant's sentencing range has been lowered by an amendment to the Guidelines.

      Chambers will mail a copy of this Order to defendant at the following address:

Copies Mailed/Faxed 1-22-24
Chambers of Vincent L. Briccetti

1

Byron Mountain, Reg. No. 85120-054
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

Dated: January 22, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

7:19cr700(VB)

Dear

United States District Court of White Plains NY.

My Name is Byron Mountain #85120-054 writeing, too ask for a Case Evaluation to see if apply for any new USSG Amendments that will be passing FEB 1st.

I was also giveing "2" Two Status Points for being on Federal Paper for a poss case that I did time for. I'm writeing The District Court and asking for help. I read a case from the 7th Circuit that tolk's about what I'm looking for help on. United States v. Claybron. (No 22-2665).

I'm Just trying too get the Sentence my Co-Defendant's got I'm the last one on this case I got 136 mounth while other's got 60 mounth's and some went home.

I'm Just waiting too see if I can get any help so I can get home too my family.

Thank You
for your
time.


RECEIVED JAN 16 2024 U.S.D.C. W.P.