Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA                    :

v.                                          :          ORDER

BYRON MOUNTAIN,                             :          19 CR 700-4 (VB)
                          Defendant.        :
------------------------------------------------------------x

Defendant Byron Mountain moves for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (commonly referred to as a "compassionate release" motion), because (i) he seeks to donate a kidney to his brother and become his brother's caretaker, and (ii) he has participated in rehabilitative programming.

For the reasons set forth below, the motion is DENIED.

The relevant facts are as follows: Mountain was a principal participant in a crack cocaine distribution network that distributed more than 280 grams of crack cocaine in and around Peekskill, New York. At the time, he was on supervised release following his completion of a 144-month prison sentence for another narcotics offense. He was arrested on October 3, 2019, and has remained in custody since then. On March 24, 2021, Mountain was sentenced to 130 months' imprisonment on his guilty plea to conspiracy to distribute and possess with intent to distribute more than 280 grams of crack cocaine. Pursuant to 18 U.S.C. § 3553(a), the Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.[1]

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in certain rare circumstances, such as when the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A). The applicable policy statement is Section 1B1.13 of the Sentencing Guidelines.

Here, Mountain has not identified any extraordinary or compelling reasons warranting a reduction of his term of imprisonment.

First, although Mountain deserves to be commended for his willingness to donate a kidney to his brother, he has not shown that his brother is actually a candidate for a kidney transplant. The letter Mountain submitted from the Tampa General Hospital, dated June 2, 2025, states that additional testing and analysis is necessary to determine whether Mountain's brother is an acceptable candidate. Moreover, Mountain does not provide any evidence that he would be

---

[1]    On March 24, 2021, Mountain was also sentenced to a consecutive term of six months' imprisonment for violation of supervised release.

1

a compatible match or would otherwise qualify as a donor. His claim, without evidence or elaboration, that he and his brother "are a match . . . sir same blood to my understanding" is plainly insufficient. And although Mountain says he would like to be his brother's caretaker "once everything is done," there is no indication in the motion that Mountain would be the only available caregiver for his brother. Likewise, none of the circumstances described in Guidelines § 1B1.13 is present here.

In addition, compassionate release is not an appropriate mechanism for Mountain to donate a kidney. Rather, Mountain should seek a temporary medical furlough (which may or may not be granted) from the Bureau of Prisons, as reflected in the BOP's Patient Care Program Statement, attached as Exhibit A to the government's letter of November 30, 2025, in opposition to the motion.

Further, Mountain's efforts to rehabilitate himself while in prison are laudable, but they do not present extraordinary and compelling circumstances because such efforts are expected of every federal inmate. Mountain should continue to avail himself of the rehabilitative opportunities available to him, which will make it less likely that he will re-offend when he is released from prison. That would be a good outcome for both Mountain and his family.

Finally, even if Mountain had shown extraordinary or compelling reasons, a reduction of his term of imprisonment would not be warranted. This is because the Section 3553(a) factors continue to weigh strongly against Mountain's early release. The serious nature of Mountain's offense and his extensive criminal history (involving numerous prior felony narcotics convictions) warranted the 130-month prison sentence at the time it was imposed, and continue to warrant such a sentence. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Mountain from future criminal conduct, and protect the public, argues strongly against granting the motion.

Accordingly, Mountain's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Byron Mountain, Reg. No. 85120-054
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887

Dated: February 9, 2026          SO ORDERED:
       White Plains, NY

_____
Vincent L. Briccetti, U.S.D.J
United States District Judge

2